**Milton BEST, Appellant,**

**v.**

**ESSEX COUNTY, NEW JERSEY HALL OF RECORDS; Nicholas R. Amato, The County Executive Essex County; Sara Bost, individually as Freeholder of Essex County Hall of Records; Carmine Casciano, individually as Freeholder of Essex County Hall of Records; James Cavanaugh, individually as Freeholder of Essex County Hall of Records; Thomas Giblin, individually as Freeholder of Essex County Hall of Records; Joseph Parlaecchio, individually as Freeholder of Essex County Hall of Records; Delores Battle, individually as Freeholder of Essex County Hall of Records; Leroy Jones, Jr., individually as Freeholder of Essex County Hall of Records; Monroe Lustbader, individually as Freeholder of Essex County Hall of Records; Arthur Clay, individually as Freeholder of Essex County Hall of Records; William H. Fauver, individually and as Commissioner of the New Jersey Department of Corrections; John Doe, individually as Captain of Essex County Jail; Jane Doe, and John Doe, and all Employees of Essex County Jail; John Doe, individually as Sergeant of Essex County Jail.**

**No. 92–5399.**

United States Court of Appeals, Third Circuit.

Argued Jan. 28, 1993.

Decided Feb. 22, 1993.

---

Nia H. Gill (Argued), Gill & Cohen, Montclair, NJ, for appellant.

Charles H. Rawitz, Gloria B. Cherry (argued), Stephen J. Edelstein, Essex County Counsel, Office of County Counsel, Newark, NJ, for appellees.

BEFORE: GREENBERG and ROTH, Circuit Judges, and VanARTSDALEN, District Judge[*].

## OPINION OF THE COURT

GREENBERG, Circuit Judge.

Milton Best appeals from an order entered July 7, 1992, granting a motion for summary judgment filed by Essex County, Nicholas R. Amato, the Essex County executive, and Vincent Ucci, a guard at the Essex County Jail Annex.[1] Best was a pretrial detainee at the annex on February 16, 1989, when John Winston, another pretrial detainee, attacked him in the "day

room" by pouring hot water from a large coffee urn over him because of an argument regarding the use of a television set. Best was burned in this incident and as a result brought this action under 42 U.S.C. § 1983. He alleged in general that the appellees were liable to him because the conditions at the annex, particularly the overcrowding, resulted in his injury and demonstrated that the appellees were deliberately indifferent to his rights and were grossly negligent with respect to his custody and control.[2] In support of his overcrowding contention, Best points out that the county was in violation of consent orders entered in the United States District Court for the District of New Jersey limiting the number of inmates in the annex and requiring the upgrading of the facility. *See Essex County Jail Inmates v. Amato*, Civ. No. 87–871 (D.N.J. Mar. 18, 1988, and Apr. 17, 1989). Best made Ucci a defendant because he was on duty in the annex near the place of the incident when Winston attacked Best.[3]

The district court in granting summary judgment indicated that the coffee urn was placed in the day room for the inmates' use at their request. The court then held that the county was at worst negligent when it supplied the urn even though it was not controlled by any guard. Furthermore, the court noted that Ucci could not see the urn and thus did not witness the assault which was, in any event, an isolated incident. While the district court stated that Best had presented evidence that could establish "a violation of the minimum requirements for housing a pretrial detainee established by" this court in *Ryan v. Burlington County*, 889 F.2d 1286 (3d Cir.1989), it concluded that Best "neither alleges nor supports a claim that defendants violated his *Ryan* rights." Thus, it indicated that it

[*] Honorable Donald W. VanArtsdalen, Senior United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

1. There were other defendants, but the court dismissed the action as to them by earlier orders from which no appeal has been taken.

2. Best also asserted his claims under 42 U.S.C. § 1985, but we do not address that section as he abandoned reliance on it at the oral argument before us.

3. At the oral argument before us, Best conceded that the district court correctly granted summary judgment to Ucci.

would not "consider the issue".[4]

■ We will affirm but we take an approach somewhat different from that of the district court.[5] Of course, like the district court, we recognize that the Due Process Clause of the Fourteenth Amendment entitles a pretrial detainee to at least the same protection for personal security as afforded convicted prisoners. *Colburn v. Upper Darby Township*, 838 F.2d 663, 668 (3d Cir.1988), *cert. denied*, 489 U.S. 1065, 109 S.Ct. 1338, 103 L.Ed.2d 808 (1989). But, unlike the district court, we do consider the *Ryan* opinions, as we think that Best attempted to plead facts that would establish a basis for recovery on the theory underlying the *Ryan* litigation. *See Ryan v. Burlington County*, 674 F.Supp. 464 (D.N.J.1987) (*Ryan* I), *aff'd*, 860 F.2d 1199 (3d Cir.1988) (*Ryan* II), *cert. denied*, 490 U.S. 1020, 109 S.Ct. 1745, 104 L.Ed.2d 182 (1989); *Ryan v. Burlington County*, 708 F.Supp. 623 (D.N.J.) (*Ryan* III), *aff'd*, 889 F.2d 1286 (3d Cir.1989) (*Ryan* IV). That litigation necessarily was anchored on the implicit proposition that in some circumstances a prisoner can maintain an action under 42 U.S.C. § 1983 against the governmental entities and officials responsible for his safety when he is injured in an assault by another inmate. But the holdings in those opinions were principally devoted to determining Ryan's rights, the defendants' duties, the characterization of any breach of duty, and the defendants' claims of immunity. Thus, they are of limited utility here for we are concerned with the separate issue of whether there was a causal link between the claimed constitutional violations attributable to the conditions at the annex and the assault on Best.

■ There is no doubt that, even though the appellees may have breached their constitutional duties regarding the custody and care of the detainees at the annex, in order to recover Best must present evidence relating the breach of duty to the assault. We have defined this obligation in actions under 42 U.S.C. § 1983 using such terms as "proximate causation," "causally related," "plausible nexus," and "affirmative link." *See Simmons v. City of Philadelphia*, 947 F.2d 1042, 1069 (3d Cir.1991) (opinion announcing the judgment of the court), *cert. denied*, —— U.S. ——, 112 S.Ct. 1671, 118 L.Ed.2d 391 (1992); *Bielevicz v. Dubinon*, 915 F.2d 845, 850–51 (3d Cir.1990).

■ What Best has shown is that the annex was overcrowded and the county was under district court directions to upgrade the facility to alleviate overcrowding conditions. He has further proven that Winston was a pretrial detainee charged with having committed a violent crime. Finally, he has established that the inmates had unfettered use of the coffee urn outside of the view of any guard.[6]

But this case is simply not the same as *Ryan* for there Scott, the inmate who attacked Ryan, had been involved in several violent attacks within the jail during the two-month period before the attack. *Ryan* III, 708 F.Supp. at 634 n. 13. Furthermore, Scott had been convicted "of a violent crime resulting in the injury or death of another person." *Ryan* IV, 889 F.2d at 1289. In addition, Scott and Ryan were confined together within a cell which was overcrowded in violation of a consent decree and the assault was within the cell. *Ryan* III, 708 F.Supp. at 627. In those circumstances, it would have been reasonable to conclude that the assault was related proximately to the defendants' violation of their duty to protect Ryan's personal security. Arguably the assault was a foreseeable consequence of the conditions of

---

4. Best asserted supplemental state claims which the court dismissed without prejudice. Best does not appeal from that disposition.

5. We have jurisdiction under 28 U.S.C. § 1291 and will exercise plenary review. *See Colburn v. Upper Darby Township*, 946 F.2d 1017, 1020 (3d Cir.1991). The district court had jurisdiction under 28 U.S.C. §§ 1331 and 1343.

6. In his complaint, Best alleges that the appellees do not separate convicted criminals from pretrial detainees. While this may be so, there is no significance to the allegation in the context of this case involving two pretrial detainees. He also makes allegations that there are an insufficient number of guards and they are inadequately trained but he presents no evidence to support this contention.

his confinement, particularly the fact that he was housed with an inmate who already had attacked other inmates.

In contrast, on the record of this case there is simply no equivalent way to relate the assault to the conditions of Best's confinement.[7] For example, Best does not demonstrate that there was an indirect connection between the overcrowding and the assault by showing or even alleging that in the absence of overcrowding he would not have been housed with Winston and would not have been with him in the day room. Of course, Best does not assert that the overcrowding was a direct cause of his injury, as could perhaps be the case when the prison authorities are hampered by the sheer press of numbers in evacuating an overcrowded facility during a fire or other emergency. In the circumstances, while we recognize that it is possible to reach a generalized conclusion that overcrowding contributes to tensions within a prison facility, we are constrained to conclude that any possible connection between the conditions at the annex and the assault is far too attenuated to permit a recovery here.

The order of July 7, 1992, will be affirmed.

---

**7.** We recognize, of course, that potentially the coffee urn could be used as a weapon. But we see little significance to that, for the same may be said for other objects constructed for benign purposes and yet almost necessarily available to inmates. Thus, a chair or metal taken from a bed or plumbing fixtures can be a weapon. Indeed, one inmate can attack another without using a weapon.